UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------x

SHANNON O'LEARY, on behalf of herself and a class of similarly
situated individuals

                COMPLAINT

                JURY DEMAND

                           Plaintiffs,

        -against-

NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL
RUBENS BLOOMBERG, as Former Mayor – City of New York; BILL
de BLASIO, as Mayor – City of New York; MARTHA H. HIRST, as
Former Commissioner – Department of Citywide Administrative
Services; EDNA WELLS HANDY, as Former Commissioner –
Department of Citywide Administrative Services; STACEY
CUMBERBATCH, as Former Commissioner – Department of
Citywide Administrative Services; LISETTE CAMILO, as
Commissioner – Department of Citywide Administrative Services; JOEL
I. KLEIN, as Former Chancellor – New York City Department of
Education; CATHLEEN P. BLACK, as Former Chancellor – New York
City Department of Education; DENNIS M. WALCOTT, as Former
Chancellor – New York City Department of Education; CARMEN
FARINA, as Former Chancellor – New York City Department of
Education; RICHARD A. CARRANZA, as Chancellor – New York City
Department of Education; NICHOLAS MELE, as Principal, Edwin
Markham Intermediate School 51 and JESSE ANN PIRRAGLIA, as
Assistant Principal, Edwin Markham Intermediate School 51, each sued
individually and in their official capacities as employees of Defendant
NEW YORK CITY DEPARTMENT OF EDUCATION

                         Defendants'

-----------------------------------------------------------------------------x

        Plaintiff SHANNON O'LEARY through THE SANDERS FIRM, P.C., files this federal

complaint against Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION;

MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA

WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN;

CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A.

CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA, respectfully set forth and allege that:

## JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

     a.     Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978;

     b.     Civil Rights Act of 1871, 42 U.S.C. § 1983;

     c.     New York State Executive Law § 296;

     d.     New York City Administrative Code § 8-107, as amended by the Pregnant Workers Fairness Act of 2014.

2.     The unlawful employment practices, violations of Plaintiff SHANNON O'LEARY'S civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3.     Plaintiff SHANNON O'LEARY have filed suit with this Court within the applicable statute of limitations period.

4.     Plaintiff SHANNON O'LEARY allege that on or about April 25, 2020, she filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC).

5.     Plaintiff SHANNON O'LEARY allege that as of April 25, 2020, she has not received a Notice of Right to Sue from the United States Department of Justice.[1]

---

[1] Upon receiving the Notice of Right to Sue from the United States of Justice but, if necessary, will be added to the complaint.

2

6.     Plaintiff SHANNON O'LEARY is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871, New York State Executive Law § 296 or New York City Administrative Code § 8-107.

## RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

### A.     Class Definition

7.     Plaintiff SHANNON O'LEARY seek to maintain claims individually and on behalf of the following class:

> Nursing Mothers Class
> All female employees that have or will be employed with Defendant NEW YORK CITY DEPARTMENT OF EDUCATION and assigned to the New York City Department of Education (NYCDOE) from August 15, 2007, to the date of judgment that have the need or chooses to express milk during work hours (the "Nursing Mothers Class").

8.     Plaintiff SHANNON O'LEARY is a member of the proposed class (collectively, the "Rule 23 Class" or the "Rule 23 Class Members").

9.     Plaintiff SHANNON O'LEARY reserve the right to amend the definitions of the Rule 23 Class based on discovery or other legal developments.

10.     Plaintiff SHANNON O'LEARY alleges that the patterns, practices or policies described in this federal complaint demonstrate that pregnancy discrimination is common within the NYCDOE and shows that such unlawful conduct is part of its' operating patterns, practices or policies.

### B.     Numerosity and Impracticality of Joinder

11.     Plaintiff SHANNON O'LEARY and the Rule 23 Class, upon information and belief, consist of more than 500, past, present and future female employees that fit within the class. The NYCDOE presently employs more than 135,000 employees. The Rule 23 Class Members are sufficiently numerous to make joinder impractical.

### C. Efficiency of Class Prosecution of the Rule 23 Class Claims

12. Plaintiff SHANNON O'LEARY alleges that certification of the proposed Rule 23 Class is the most efficient and economical means of resolving the questions of law and fact that are common to the legal claims.

13. Plaintiff SHANNON O'LEARY alleges that their individual claims require resolution of the common questions concerning whether within the NYCDOE co-workers, supervisors, managers and/or executives have engaged in a pattern or practice of pregnancy discrimination against female employees.

14. Plaintiff SHANNON O'LEARY alleges that to obtain relief for herself and the other Rule 23 Class Members, she seeks to establish the existence of systemic unlawful pregnancy discrimination within the NYCDOE.

15. Without certification of the Rule 23 Class, the same evidence and related legal issues would be subject to a multitude of individual lawsuits in different forums with the attendant risk of inconsistent adjudications and conflicting outcomes.

16. Plaintiff SHANNON O'LEARY alleges that certification of the Rule 23 Class is the most efficient means of presenting the evidence and arguments necessary to resolve the underlying issues for them, the other Rule 23 Class Members, and Defendant NEW YORK CITY DEPARTMENT OF EDUCATION (NYCDOE).

### D. Common Questions of Law and Fact

17. The claims alleged on behalf of the Rule 23 Class Members raise questions of law and facts common to each of the Rule 23 Class Members. These questions include inter alia, whether within the NYCDOE coworkers, supervisors, managers and/or executives:

4

- Treated nursing mothers differently from similarly situated non-nursing employees that resulted in unequal and adverse treatment in violation of federal, state and city law;
- Regularly failed to make reasonable accommodations for nursing mothers that required medically necessary absences;
- Implemented discretionary, subjective protocols and treatment that disfavors nursing mothers, nursing mothers that require accommodations due to pregnancy related complications;
- Implemented discretionary, subjective protocols and treatment that disfavors nursing mothers and their need or choice to express milk during work hours;
- Implemented discretionary, subjective protocols that relate to requests for time off, work absences or requests not to travel made by nursing mothers;
- Engaged in patterns, practices and/or policies fostering and resulting in systemic unlawful pregnancy discrimination against female employees with respect to their need or choice to express milk in the workplace;
- Engaged in repeat systemic marginalization and indifference towards nursing mothers who complained about pregnancy discrimination;
- Regularly subjected nursing mothers to hostility, ridicule, special rules and strict scrutiny;
- Regularly subjected nursing mothers to retaliatory actions including denying denial of reasonable accommodations, refusing to participate in the cooperative dialogue surrounding an accommodation request, etc.; and
- Failing to investigate or remedy complaints about pregnancy discrimination or otherwise ignored such complaints.

18. Thus, the common question requirement of FRCP 23(a) is satisfied.

## E.    Typicality of Claims and Relief Sought

19. Plaintiff SHANNON O'LEARY is a member of the Rule 23 Class she seeks to represent.

20. Plaintiff SHANNON O'LEARY alleges that her claims are typical of the claims of the Rule 23 Class in that they all arise from the same unlawful patterns, practices and/or policies within the NYCDOE, and are based on the legal theory that these patterns, practices and/or policies violate legal rights protected by federal, state and local law.

21.     Plaintiff SHANNON O'LEARY allege that she and the other Rule 23 Class Members are each the victim of unlawful adverse employment decisions within the NYCDOE because they became pregnant during their employment.

22.     The relief Plaintiff SHANNON O'LEARY seek for the unlawful patterns, practices and/or policies within the NYCDOE is typical of the relief which is sought on behalf of the Rule 23 Class Members.

23.     Plaintiff SHANNON O'LEARY alleges that the pregnancy discrimination she experienced is typical of that experienced by the other Rule 23 Class Members.

24.     Within the NYCDOE, female employees who are or have been pregnant are subjected to a workplace culture dominated by male policymakers.

25.     The workplace culture has affected Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members in the same or similar ways.

26.     Plaintiff SHANNON O'LEARY alleges that she and the other Rule 23 Class Members have been affected in the same or similar ways by the NYCDOE'S failure to investigate claims of pregnancy discrimination and its failure to promulgate and enforce adequate procedures designed to detect, monitor, and correct this pattern and practice of pregnancy discrimination.

27.     The relief necessary to remedy the legal claims of Plaintiff SHANNON O'LEARY is the same as claims of the other Rule 23 Class Members.

28.     Plaintiff SHANNON O'LEARY request individually and on behalf of the other Rule 23 Class Members, declaratory and injunctive relief.

29.     The request for a declaratory judgment is the same for Plaintiff SHANNON O'LEARY individually and the other Rule 23 Class Members, namely, that within the NYCDOE

coworkers, supervisors, managers and/or executives engaged in discretionary, subjective protocols that disfavors female employees that require accommodations due to pregnancy related complications or employees that will need or choose to express milk during work hours.

30.     The request for injunctive relief is the same for Plaintiff SHANNON O'LEARY individually and the other Rule 23 Class Members, namely, that a permanent injunction is ordered against these discriminatory practices, as well as an order for injunctive relief that mandates new policies and practices within the NYCDOE that cease such continuing pregnancy discrimination and ensures that such complaints will no longer be ignored or marginalized.

31.     Thus, the typicality requirement of FRCP 23(a) is satisfied.

### F.     Adequacy of Class Representation

32.     The interests of Plaintiff SHANNON O'LEARY is the same as those of the other Rule 23 Class Members that she seeks to represent in the instant case.

33.     Plaintiff SHANNON O'LEARY is willing and able to represent the Rule 23 Class Members fairly and vigorously as she pursues her similar individual claims.

34.     Plaintiff SHANNON O'LEARY have retained counsel who is qualified and experienced in handling complex employment and civil rights matters, and is able to meet the time and fiscal demands necessary to litigate a class action of this size.

35.     The combined interests, experience and resources of Plaintiff SHANNON O'LEARY and her counsel to competently litigate the individual and the Rule 23 Class claims satisfy the adequacy of representation requirement of FRCP 23(a).

### G.     Requirements of Rule 23(b)(2)

36.     Without class certification, the same evidence and related legal issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting outcomes.

37.     Specifically, evidence of the NYCDOE'S patterns, practices and/or policies, and the issue of whether they are in violation of federal, state and local law would be repeatedly litigated.

38.     Accordingly, certification of the proposed Rule 23 Classes is the most efficient and judicious means of presenting the evidence and legal arguments necessary to resolve such questions for Plaintiff SHANNON O'LEARY, the other Rule 23 Class Members and the NYCDOE.

39.     Plaintiff SHANNON O'LEARY alleges that on behalf of herself and the other Rule 23 Class Members, within the NYCDOE the management promulgated and enforced rules that led to systemic patterns, practices and/or policies that are discriminatory towards pregnant female employees and nursing mothers that need or choose to express milk during work hours.

40.     These discriminatory acts are not sporadic or isolated, and must be addressed through final injunctive and declaratory relief with respect to Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members.

41.     Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of systemic pregnancy discrimination against the Rule 23 Class Members.

42.     Declaratory and injunctive relief are the factual and legal predicates for Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members' entitlement to monetary and non-monetary remedies necessary to address the discriminatory conduct within the NYCDOE.

43.     Accordingly, injunctive and declaratory relief is among the predominant forms of relief sought in this case.

**H.     Requirements of Rule 23(b)(3)**

44.     The common issues of fact and law affecting the Rule 23 Class claims, including, but not limited to, the common issues identified in the paragraphs above, predominate over issues affecting only Plaintiff SHANNON O'LEARY'S individual claims.

45.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff SHANNON O'LEARY'S claims and the claims of the other Rule 23 Class Members.

46.     The cost of proving within the NYCDOE'S pattern and practice of pregnancy discrimination makes it impractical for the Rule 23 Class Members to pursue their claims individually.

**I.     Requirements of Rule 23(c)(4)**

47.     In the alternative, the Court may grant partial or issue certification pursuant to Rule 23(c)(4). Resolving common questions of fact and law would serve to materially advance litigation for all Rule 23 Class Members.

**SUMMARY OF THE RULE 23 CLASS CLAIMS**

48.     Plaintiff SHANNON O'LEARY allege that this federal complaint is filed to exhaust all class-based disparate treatment, class-based disparate impact, and all other class-based claims actionable within the NYCDOE under federal, state, and local laws that prohibit sex discrimination (including the Pregnancy Discrimination Act of 1978) in employment, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*

49.     Plaintiff SHANNON O'LEARY files this federal complaint on behalf of herself and all other Rule 23 Class Members appointed[2] to the New York City Department of Education ("NYCDOE") who claim that since August 15, 2007, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable accommodations such as return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

50.     Plaintiff SHANNON O'LEARY allege that through this federal complaint she and the other Rule 23 Class Members appointed to the NYCDOE, seek all injunctive, equitable, legal, monetary, punitive, and/or other forms of relief that are available under federal, state, and local laws that prohibit sex discrimination (including the Pregnancy Discrimination Act of 1978) in employment, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*

51.     Plaintiff SHANNON O'LEARY allege that this federal complaint intends to toll the Statute of Limitations for she and the other Rule 23 Class Members appointed to the NYCDOE who may have similar claims and to piggy-back on any prior charges that other individuals have filed challenging the same practices.

---

[2] For the purposes of this litigation, includes all uniformed and non-uniformed female employees of the NYCDOE.

52. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Lactation, the postpartum production of milk, is a physiological process triggered by hormones. *See generally* ARTHUR C. GUYTON, TEXTBOOK OF MED. PHYSIOLOGY 1039-40 (2006) (describing physiological processes by which milk production occurs).

53. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Lactation is a pregnancy-related medical condition, less favorable treatment of a lactating employee may raise an inference of unlawful discrimination. *EEOC v. Houston Funding II, Ltd.*, 717 F.3d 425 (5th Cir. 2013) (lactation is a related medical condition of pregnancy for purposes of the PDA, and an adverse employment action motivated by the fact that a woman is lactating clearly imposes upon women a burden that male employees need not suffer).

54. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that to continue producing an adequate milk supply and to avoid painful complications associated with delays in expressing milk,[3] a nursing mother will typically need to breastfeed or express breast milk using a pump two or three times over the duration of an eight-hour workday. *Breastfeeding,* U.S. DEP'T OF HEALTH & HUMAN SERVS., https://www.womenshealth.gov/breastfeeding.

55. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that an employee must have the same freedom to address such lactation-related needs that she and her co-workers would have to address other similarly limiting medical conditions.

---

[3] *Overcoming Breastfeeding Problems*, U.S. NAT'L LIBRARY OF MED., http://www.nlm.nih.gov/medlineplus/ency/article/002452.htm); *see also,* DIANE WIESSINGER, THE WOMANLY ART OF BREASTFEEDING 385 (8th ed. 2010)

56.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that because only women lactate, a practice that singles out lactation or breastfeeding for less favorable treatment affects only women and therefore is facially sex-based.

57.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that it would violate Title VII for the NYCDOE through its agents to freely permit employees to use break time for personal reasons except to express breast milk.

58.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, under New York State Labor Law 206-c, the NYCDOE is required to provide reasonable unpaid break time or permit an employee to use paid break time or meal time each day to allow an employee to express breast milk for her nursing child for up to three years following child birth.

59.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that the NYCDOE is required to make reasonable efforts to provide a room or other location, near the work area, where an employee can express milk in privacy.

60.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable accommodations such as return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

61.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, they have had to express milk in-front of other male and female employees, pump in a female bathroom, pump in the classroom, pump in other department facilities, other locations, or cease to pump.

62.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since March 23, 2010, under the Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of the Fair Labor Standards Act ("FLSA"), the NYCDOE is required to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk."

63.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the NYCDOE is required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. 207(r).

64.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the FLSA requirement of break time for nursing mothers to express breast milk does not preempt State Laws that provide greater protections to employees (for example, providing compensated break time, providing break time for exempt employees, or providing break time beyond 1 year after the child's birth).

65.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that on or about October 2, 2013, the City of New York enacted Local Law 78, the Pregnant Workers Fairness Act, to affirmatively require employers to reasonably accommodate "the needs of an

employee for her pregnancy, childbirth, or related medical condition," without necessitating that the employee's limitation qualifies as a disability to be protected.

66.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, employees may request accommodations based on pregnancy, childbirth, or related medical condition even if their medical condition does not amount to a disability.

67.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, places limitations upon the NYCDOE'S ability to limit the amount of time for nursing mothers to express milk unless they can establish the time needed presents an undue hardship.

68.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, the NYCDOE must provide a clean and private area, other than a bathroom, and must provide a refrigerator to store breast milk in the workplace.

69.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, it requires that the NYCDOE permit nursing mothers to "express milk at their usual work station … so long as it does not create an undue hardship for the NYCDOE, regardless of whether a coworker, [supervisor, manager or executive expresses discomfort.]"

70.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that on or about November 18, 2018, Local Law No.: 185, amended the New York City Administrative Code § 8-107, requiring the NYCDOE to provide: (1) a lactation room in

reasonable proximity to such employee's work area; and (2) a refrigerator suitable for breast milk storage in reasonable proximity to such employee's work area.

71.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that on or about November 18, 2018, Local Law No.: 186, amended the New York City Administrative Code § 8-107, requiring the NYCDOE to develop and implement a written policy regarding the provision of a lactation room, which shall be distributed to all employees upon hiring. The policy shall include a statement that employees have a right to request a lactation room, and identify a process by which employees may request a lactation room.

72.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents failed to protect nursing mothers' permanent work assignments upon return from maternity leave.

73.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege since August 15, 2007, nursing mothers choose to take extended leaves of absence without pay to protect their legal right to express milk because the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents does not accommodate them negatively impacting their career opportunities and pension rights.

74. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents failed to accommodate nursing mothers with work assignments conducive to ensure their physical and mental ability to care for themselves and their children.

75. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents failed to ensure nursing mothers are active partners during the interactive process to accommodate their requests.

76. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents failed to ensure the workplace is free of hostilities, ridicule and shame from coworkers, supervisors, managers and/or executives regarding the rights of nursing mothers.

77. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents failed to ensure the workplace is free of retaliatory actions such as changed assignments upon return from maternity leave, changes of assignments, meals denials, etc., thus ensuring the employee's inability to express milk during work hours, etc., from coworkers, supervisors, managers and executives regarding the rights of nursing mothers.

78. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents assigned to the NYCDOE Office of Equal Employment Opportunity fails to investigate allegations of pregnancy discrimination in the workplace.

79. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents assigned to the NYCDOE Office of Equal Employment Opportunity fails to investigate allegations of retaliation for opposing pregnancy discrimination in the workplace.

80. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents assigned to the NYCDOE Human Resources failed to ensure compliance with federal, state and local laws regarding the rights of nursing mothers rights in the workplace.

81.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents assigned to the NYCDOE Office of the General Counsel failed to ensure compliance with federal, state and local laws regarding the rights of nursing mothers rights in the workplace.

82.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents are not in compliance with federal, state and local laws that protects nursing mothers legal rights in the workplace.

**THE PARTIES**

83.     Plaintiff SHANNON O'LEARY lives in Richmond County, New York.

**DEFENDANTS'**

84.     Defendant NEW YORK CITY DEPARTMENT OF EDUCATION as a municipal employer. Although Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is the employer, for the purposes of this litigation, Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members at times will make reference to their assigned agency which is the NYCDOE.

85.     Defendant MICHAEL RUBENS BLOOMBERG, as Former Mayor – City of New York.

86.     Defendant BILL de BLASIO, as Mayor – City of New York.

87.     Defendant MARTHA H. HIRST, as Former Commissioner – Department of Citywide Administrative Services.

88.     Defendant EDNA WELLS HANDY, as Former Commissioner – Department of Citywide Administrative Services.

89.     Defendant STACEY CUMBERBATCH, as Former Commissioner – Department of Citywide Administrative Services.

90.     Defendant LISETTE CAMILO, as Commissioner – Department of Citywide Administrative Services.

91.     Defendant JOEL I. KLEIN, as Former Chancellor – New York City Department of Education.

92.     Defendant CATHLEEN P. BLACK, as Former Chancellor – New York City Department of Education.

93.     Defendant DENNIS M. WALCOTT, as Former Chancellor – New York City Department of Education.

94.     Defendant CARMEN FARINA, as Former Chancellor – New York City Department of Education.

95.     Defendant RICHARD A. CARRANZA, as Chancellor – New York City Department of Education.

96.     Defendant NICHOLAS MELE, as Principal, Edwin Markham Intermediate School 51.

97.     Defendant JESSE ANN PIRRAGLIA, as Assistant Principal, Edwin Markham Intermediate School 51.

## PREGNANCY DISCRIMINATION ACT[4]

### PDA Coverage

98.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that the Pregnancy Discrimination Act (PDA) is an amendment to Title VII of the Civil Rights Act of 1964.

99.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that under the PDA, discrimination based on pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination in violation of Title VII.

100.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that under the PDA, women affected by pregnancy or related conditions must be treated in the same manner as other applicants or employees who are similar in their ability or inability to work.

### Discrimination Based on Lactation and Breastfeeding

101.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Lactation, the postpartum production of milk, is a physiological process triggered by hormones.

---

[4] Also, the same or similar analysis applies under New York State Executive Law § 296 and Pregnant Workers Fairness Act (PWFA).

*See generally* ARTHUR C. GUYTON, TEXTBOOK OF MED. PHYSIOLOGY 1039-40 (2006) (describing physiological processes by which milk production occurs).

102. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Lactation is a pregnancy-related medical condition, less favorable treatment of a lactating employee may raise an inference of unlawful discrimination. *EEOC v. Houston Funding II, Ltd.*, 717 F.3d 425 (5th Cir. 2013) (lactation is a related medical condition of pregnancy for purposes of the PDA, and an adverse employment action motivated by the fact that a woman is lactating clearly imposes upon women a burden that male employees need not suffer).

103. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that to continue producing an adequate milk supply and to avoid painful complications associated with delays in expressing milk,[5] a nursing mother will typically need to breastfeed or express breast milk using a pump two or three times over the duration of an eight-hour workday. *Breastfeeding*, U.S. DEP'T OF HEALTH & HUMAN SERVS., https://www.womenshealth.gov/breastfeeding.

104. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that an employee must have the same freedom to address such lactation-related needs that she and her co-workers would have to address other similarly limiting medical conditions.

105. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that because only women lactate, a practice that singles out lactation or breastfeeding for less favorable treatment affects only women and therefore is facially sex-based.

---

[5] *Overcoming Breastfeeding Problems*, U.S. NAT'L LIBRARY OF MED., http://www.nlm.nih.gov/medlineplus/ency/article/002452.htm); *see also*, DIANE WIESSINGER, THE WOMANLY ART OF BREASTFEEDING 385 (8th ed. 2010)

106.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that it would violate Title VII for Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents to freely permit employees to use break time for personal reasons except to express breast milk.

## EVALUATING PDA-COVERED NYCDOE EMPLOYMENT DECISIONS[6]

### Disparate Treatment

107.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable accommodations such as return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

108.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer is required but, does not inform nursing mothers of their legal rights such as their right to take unpaid leave for pumping breast milk by

---

[6] Also, the same or similar analysis applies under New York State Executive Law § 296 and Pregnant Workers Fairness Act (PWFA).

placing a public poster in the workplace, promulgate a policy within the NYCDOE or notifying the individual female employees in writing.

109.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers that they may take break time to pump breast milk at work for up to three years following the birth of her child.

110.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers they are entitled to at least 20 minutes for each break.

111.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers that they may take shorter breaks if they chose.

112.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers that they must be allowed more time if they need it.

113.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not allow nursing mothers to take breaks at least once every three hours to pump breast milk.

114.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers that they may take these breaks right before or after their regularly scheduled paid break or meal periods.

115.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers that if they take breaks to pump breast milk, it cannot deduct that time from her regular paid break or meal time.

116.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers they are entitled to work before or after their normal shifts to make up for the break time they take to pump breast milk, as long as that time falls within the employer's normal work hours.

117.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers they have the option of using their regular paid break or meal time to pump breast milk, but they are not required to do so.

118.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers it is required to provide employees with a private room or other location close to the employee's work area where they can pump breast milk, *unless* it would be extremely difficult for it to do so.

119.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers if it cannot provide a dedicated lactation room, a temporarily vacant room may be used instead.

120.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing

mothers as a last resort, a cubicle can be used, but it must be fully enclosed with walls at least seven feet tall.

121. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers the room or location provided by an employer to pump breast milk cannot be a restroom or toilet stall.

122. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers that the place where employees pump breast milk must contain a chair and small table or other flat surface.

123. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers that New York State Department of Labor encourages employers to provide, in addition, an electrical outlet, clean water supply, and access to a refrigerator where nursing mothers can store pumped milk.

124. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers that the room or place provided by the employer cannot be open to other employees, customers, or members of the public while an employee is pumping breast milk.

125. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers it should have a door with a functional lock, or in the case of a cubicle, a sign warning the location is in use and not accessible to others.

126. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers that employers may not discriminate or retaliate in any way against any employee who chooses to pump breast milk in the workplace or who files a complaint with the New York State Department of Labor.

127. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE as an employer, is required but does not inform nursing mothers that any party may file a confidential complaint with the United States Equal Employment Opportunity Commission, United States Department of Labor and/or the New York State Department of Labor's Division of Labor Standards, New York State Division of Human Rights or New York City Commission on Human Rights alleging non-compliance with the law.

128. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since March 23, 2010, under the Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of the Fair Labor Standards Act ("FLSA"), the NYCDOE is required to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk."

129. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the NYCDOE is required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. 207(r).

130. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the FLSA requirement of break time for

nursing mothers to express breast milk does not preempt State Laws that provide greater protections to employees (for example, providing compensated break time, providing break time for exempt employees, or providing break time beyond 1 year after the child's birth).

131. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents have failed to promulgate a written policy and distribute it agency-wide through the NYCDOE Intranet titled: Leave to Express Milk.

132. Plaintiff VANESSA FEELY alleges that since August 15, 2007, Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents instead have implemented an unwritten policy agency-wide addressing a nursing mother's right to express milk.

133. Plaintiff SHANNON O'LEARY alleges that employer policies that do not facially discriminate based on pregnancy may nonetheless violate this provision of the PDA where they impose significant burdens on pregnant employees that cannot be supported by a sufficiently strong justification. *See* Young v. United Parcel Serv., Inc., --- U.S. ---, 135 S.Ct. 1338, 1354-55 (2015).

134. Plaintiff SHANNON O'LEARY alleges that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA requires "all employees are eligible to request an accommodation for time and a private space to express breast milk."

135.    Plaintiff SHANNON O'LEARY alleges that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA DO NOT require male and female employees who are not nursing mothers to 'formally' request an 'accommodation' to take personals while on job time.

136.    Plaintiff SHANNON O'LEARY alleges that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA DO NOT require male and female employees who are not nursing mothers to account for the 'necessity' to take a 'personal' while on job time.

137.    Plaintiff SHANNON O'LEARY alleges that since August 15, 2007, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT;

CARMEN FARINA and RICHARD A. CARRANZA and their agents are not in compliance under federal, state and local laws that protects nursing mothers with reasonable break times and a proper location to express milk.

**Hostile Work Environment**

138.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that under the PDA, an employer must provide a work environment free of harassment based on pregnancy, childbirth, or related medical conditions.

139.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that an employer's failure to do so violates the statute.

140.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that liability can result from the conduct of a supervisor, coworkers, or non-employees such as customers or business partners over whom the employer has some control.[7]

141.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that as nursing mothers reasonable accommodations they are routinely denied favorable return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

142.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that as nursing mothers their coworkers, supervisors, managers and/or executives subjected them to jeers, sarcastic comments, ostracization, ridicule, extra supervision, extra burdens to document and prove their personal breaks, etc.

---

[7] For more detailed guidance on what constitutes unlawful harassment and when employers can be held liable for unlawful harassment, see EEOC Enforcement Guidance: *Vicarious Employer Liability for Unlawful Harassment by Supervisors* (June 18, 1999), *available at* http://www.eeoc.gov/policy/docs/harassment.html; *Enforcement Guidance on Harris v. Forklift Sys., Inc.* (Mar, 8, 1994), *available at* http://www.eeoc.gov/policy/docs/harris.html; EEOC *Policy Guidance on Current Issues of Sexual Harassment* (Mar. 19,1990), *available at* http://www.eeoc.gov/policy/docs/currentissues.html; 29 C.F.R. § 1604.11.

143. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that their coworkers, supervisors, managers and/or executives subjected them to this harassment because of their statuses as nursing mothers.

144. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that the harassment caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions.

**Retaliation**

145. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that since August 15, 2007, the NYCDOE through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA and RICHARD A. CARRANZA and their agents (coworkers, supervisors, managers and/or executives) assigned or caused assignments of nursing mothers to meals denials, etc., designed to quiet them, resign and/or frustrate their ability to enforce their legal rights in the workplace.

**INDIVIDUAL CLAIMS**

**Plaintiff SHANNON O'LEARY**

146. Plaintiff SHANNON O'LEARY alleges that on or about September 8, 2009, she was hired by Defendant NEW YORK CITY DEPARTMENT OF EDUCATION as a self-contained Special Education Teacher assigned to the Edwin Markham Intermediate School 51 located in Staten Island.

147. Plaintiff SHANNON O'LEARY alleges that prior to her assignment, she was a licensed Substitute Teacher for Defendant NEW YORK CITY DEPARMTENT OF EDUCATION.

148. Plaintiff SHANNON O'LEARY alleges that since September 8, 2009, she is treated less favorably than her male co-workers.

149. Plaintiff SHANNON O'LEARY alleges that in or around the first week of September 2014, she was nine (9) months pregnant.

150. Plaintiff SHANNON O'LEARY alleges that she worked for the next three (3) weeks against her physician's instructions because Defendant NEW YORK CITY DEPARTMENT OF EDUCATION does not have a maternity leave policy.

151. Plaintiff SHANNON O'LEARY alleges that on or about September 21, 2014, she went on maternity leave exhausting her accumulated sick days, then utilized twenty-five (25) days borrowed from her spouse paid at a rate of 2 for 1, because Defendant NEW YORK CITY DEPARTMENT OF EDUCATION does not have a maternity leave policy.

152. Plaintiff SHANNON O'LEARY alleges that on or about December 1, 2014, she returned to the Edwin Markham Intermediate School 51 located in Staten Island.

153. Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, since December 1, 2014, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA have failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she

has experienced severe engorgement, Mastitis, Emotional Distress and a significant reduction of her milk supply.

154.    Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, December 1, 2014, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk.

155.    Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, since December 1, 2014, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she has to pump in an available bathroom, transgender student bathroom, empty classroom or other office area.

156.    Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, since December 1, 2014, on more than one occasion co-workers and students interrupted her.

157.    Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, since December 1, 2014, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS

MELE and JESSE ANN PIRRAGLIA has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she has to store the expressed milk in an available classroom refrigerator.

158.    Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, since December 1, 2014, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA then constantly monitored her for completion, meanwhile her male co-workers are not treated in such manner while taking a personal break.

159.    Plaintiff SHANNON O'LEARY alleges that after several engorgements and other painful while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, since December 1, 2014, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA then constantly monitored her for completion, meanwhile her male co-workers are not treated in such manner while taking a personal break.

160.    Plaintiff SHANNON O'LEARY alleges that after three (3) months of inadequate breaks, accommodations, lack of a sanitary pumping environment, engorged breasts with clogged ducts, blisters and emotional distress, she decided to cease expressing milk.

161.    Plaintiff SHANNON O'LEARY alleges that in or around July 2018, while pregnant, she requested Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through Defendants' NICHOLAS MELE and JESSE ANN PIRRAGLIA to explain the policy about requesting maternity leave.

162. Plaintiff SHANNON O'LEARY alleges that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through Defendants' NICHOLAS MELE and JESSE ANN PIRRAGLIA told her that there was no policy regarding maternity leave.

163. Plaintiff SHANNON O'LEARY alleges that unsatisfied with such an answer, she contacted her bargaining agent, the United Federation of Teachers (UFT) and had a conversation with IS/HS Union Representative Daniel Lee.

164. Plaintiff SHANNON O'LEARY alleges that Mr. Lee confirmed there was no policy regarding maternity leave.

165. Plaintiff SHANNON O'LEARY alleges that a review of Defendant NEW YORK CITY DEPARTMENT OF EDUCATION'S Employee Manual and Intranet confirmed there was no policy regarding maternity leave.

166. Plaintiff SHANNON O'LEARY alleges that on or about September 1, 2018, she went on maternity leave exhausting her accumulated sick days, then utilized approximately 6 weeks of compensation time granted through the UFT because Defendant NEW YORK CITY DEPARTMENT OF EDUCATION does not have a maternity leave policy.

167. Plaintiff SHANNON O'LEARY alleges that on or about November 1, 2018, she returned to the Edwin Markham Intermediate School 51 located in Staten Island.

168. Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, since November 1, 2018, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA have failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she

has experienced severe engorgement, Mastitis, Emotional Distress and a significant reduction of her milk supply.

169.     Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, since November 1, 2018, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk.

170.     Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, since November 1, 2018, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA and JESSE ANN PIRRAGLIA has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she has to pump in an available bathroom, transgender student bathroom, empty classroom or other office area.

171.     Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin Markham Intermediate School 51 located in Staten Island, since November 1, 2018, on more than one occasion Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' NICHOLAS MELE and JESSE ANN PIRRAGLIA have told her "There are no areas available, do it in the bathroom."

172.    Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin

Markham Intermediate School 51 located in Staten Island, since November 1, 2018, on more

than one occasion while expressing milk, co-workers and students interrupted her.

173.    Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin

Markham Intermediate School 51 located in Staten Island, since November 1, 2018, Defendant

NEW YORK CITY DEPARTMENT OF EDUCATION through its agents Defendants' BILL de

BLASIO; LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS

MELE and JESSE ANN PIRRAGLIA has failed and refused to provide her and other similarly

situated female employees who are nursing mothers with a proper location to express milk she

has to store the expressed milk in an available classroom refrigerator.

174.    Plaintiff SHANNON O'LEARY alleges that while assigned to the Edwin

Markham Intermediate School 51 located in Staten Island, since November 1, 2018, Defendant

NEW YORK CITY DEPARTMENT OF EDUCATION through its agents BILL de BLASIO;

LISETTE CAMILO; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE

and JESSE ANN PIRRAGLIA then constantly monitored her for completion, meanwhile her

male co-workers are not treated in such manner while taking a personal break.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### PREGNANCY DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

175.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges Paragraphs 1

through 174 and incorporates them by reference as Paragraphs 1 through 174 of Count I of this

Complaint.

176.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that

Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents engaged in a pattern and practice of pregnancy discrimination against them with respect to the terms, conditions and privileges of employment because of their gender.

177.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION knew or should have known about pregnancy discrimination in the workplace because of their prior history of discriminatory conduct.

178.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that the discriminatory acts of Defendant NEW YORK CITY DEPARTMENT OF EDUCATION caused them to suffer depression and anxiety.

179.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, from in or around August 15, 2007, to this day.

180.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that the acts of Defendant NEW YORK CITY DEPARTMENT OF EDUCATION under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT II**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

181.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 180 and incorporates them by reference as Paragraphs 1 through 180 of

Count II of this Complaint.

182.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents engaged in various cruel and hostile actions towards them with respect to the terms, conditions and privileges of employment because of their gender.

183.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that the cruel and hostile acts of Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT III
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

184.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 183 and incorporates them by reference as Paragraphs 1 through 183 of Count III of this Complaint.

185.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents engaged in various retaliatory actions against them for opposing pregnancy discrimination and filing such complaints with its agents, the NYCDOE Office of Equal Employment Opportunity and the EEOC.

186.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that as a result of the illegal acts of Defendant NEW YORK CITY DEPARTMENT OF

EDUCATION through its agents under color of law caused them to experience severe

engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply

and other related medical conditions, incur significant legal costs, damage to their personal and

professional reputation.

### COUNT IV
### PREGNANCY DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

187.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges Paragraphs 1

through 186 and them by reference as Paragraphs 1 through 186 of Count IV of this Complaint.

188.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that

Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST;

EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN;

CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A.

CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA intentionally engaged in an

outrageous and systematic pattern of pregnancy discrimination, oppression, bad faith and cover-

up, directed at them from in or around August 15, 2007, to this day.

189.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that

Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST;

EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN;

CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A.

CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA acting individually and in

their official capacities as a public officials of Defendant NEW YORK CITY DEPARTMENT

OF EDUCATION under color of law, and having been fully advised that they are being deprived

of their constitutional rights, either acted in a concerted, malicious intentional pattern to further

discriminate against them, or knowing such pregnancy discrimination was taking place, knowingly omitted to act to protect them.

190.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

### COUNT V
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

191.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 190 and incorporates them by reference as Paragraphs 1 through 190 of Count V of this Complaint.

192.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination, hostility, oppression, bad faith and cover-up, directed at them with respect to the terms, conditions and privileges of employment because of their gender.

193. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA acting individually and in their official capacities as a public officials of Defendant NEW YORK CITY DEPARTMENT OF EDUCATION under color of law, and having been fully advised that they are being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against them, or knowing such pregnancy discrimination was taking place, knowingly omitted to act to protect them.

194. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT VI
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

195. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 194 and incorporates them by reference as Paragraphs 1 through 194 of Count VI of this Complaint.

196. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination, hostility, oppression, bad faith and cover-up, directed at them from in or around August 15, 2007, to this day.

197. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA acting individually and in their official capacities as a public officials of Defendant NEW YORK CITY DEPARTMENT OF EDUCATION under color of law, and having been fully advised that they are being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to retaliate against them for opposing pregnancy discrimination and filing such complaints with its agents, the NYCDOE Office of Equal Employment Opportunity and the EEOC.

198. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions,

cessation of their milk supply and other related medical conditions, incur significant legal costs,

damage to their personal and professional reputation.

## COUNT VII
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

199.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges

Paragraphs 1 through 198 and incorporates them by reference as Paragraphs 1 through 198 of

Count VII of this Complaint.

200.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents

caused their injuries.

201.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION actions of implementing

'official and un-official' policies of supporting pregnancy discrimination and related claims

under color of law.

202.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents

deprived them of their constitutional and statutory rights.

203.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION through its agents

caused them to experience severe engorgement, Mastitis, emotional distress, postpartum

depressions, cessation of their milk supply and other related medical conditions, incur significant

legal costs, damage to their personal and professional reputation.

**COUNT VIII**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

204.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges

Paragraphs 1 through 203 and incorporates them by reference as Paragraphs 1 through 203 of

Count VIII of this Complaint.

205.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that New York State Executive Law § 296, makes it unlawful to discriminate against any

individual in the terms, conditions, or privileges of employment because of their gender.

206.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS

M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and

JESSE ANN PIRRAGLIA discriminated against them because of their gender.

207.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that as a direct and proximate result of the unlawful employment practices of Defendants' NEW

YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL

de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH;

LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT;

CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN

PIRRAGLIA, they suffered the indignity of pregnancy discrimination and great humiliation.

208.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS

44

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS

M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and

JESSE ANN PIRRAGLIA'S violations caused them to experience severe engorgement, Mastitis,

emotional distress, postpartum depressions, cessation of their milk supply and other related

medical conditions, incur significant legal costs, damage to their personal and professional

reputation.

**COUNT IX**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

209.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges

Paragraphs 1 through 208 and incorporates them by reference as Paragraphs 1 through 208 of

Count IX of this Complaint.

210.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that New York State Executive Law § 296, makes it unlawful to discriminate against any

individual in the terms, conditions, or privileges of employment because of their gender.

211.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that the law also makes it unlawful to create an atmosphere where hostilities are encouraged

and/or tolerated.

212.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS

M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and

JESSE ANN PIRRAGLIA engaged in various hostile actions against them based upon their gender.

213. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA, they suffered the indignity of pregnancy discrimination.

214. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT X
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

215. Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 214 and incorporates them by reference as Paragraphs 1 through 214 of Count X of this Complaint.

216.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

217.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

218.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA engaged in various retaliatory actions against them for opposing pregnancy discrimination and filing such complaints with its agents, the NYCDOE Office of Equal Employment Opportunity and the EEOC.

219.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA, they suffered the indignity of pregnancy discrimination and great humiliation.

220.     Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS

M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and

JESSE ANN PIRRAGLIA'S violations caused them to experience severe engorgement, Mastitis,

emotional distress, postpartum depressions, cessation of their milk supply and other related

medical conditions, incur significant legal costs, damage to their personal and professional

reputation.

**COUNT XI**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

221.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges Paragraphs 1

through 220 and incorporates them by reference as Paragraphs 1 through 220 of Count XI of this

Complaint.

222.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any

individual in the terms, conditions, or privileges of employment because of their gender.

223.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS

M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and

JESSE ANN PIRRAGLIA discriminated against them because of their gender.

224.   Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that as a direct and proximate result of the unlawful employment practices of Defendants' NEW

YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL

de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH;

LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT;

CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN

PIRRAGLIA, they suffered the indignity of pregnancy discrimination and great humiliation.

225.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS

M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and

JESSE ANN PIRRAGLIA'S violations caused them to experience severe engorgement, Mastitis,

emotional distress, postpartum depressions, cessation of their milk supply and other related

medical conditions, incur significant legal costs, damage to their personal and professional

reputation.

**COUNT XII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

226.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges

Paragraphs 1 through 225 and incorporates them by reference as Paragraphs 1 through 225 of

Count XII of this Complaint.

227.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any

individual in the terms, conditions, or privileges of employment because of their gender.

228.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

229.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA engaged in various hostile actions against them based upon their gender.

230.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA, they suffered the indignity of pregnancy discrimination.

231.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related

medical conditions, incur significant legal costs, damage to their personal and professional
reputation.

<b>COUNT XIII</b>
<b>RETALIATION</b>
<b>IN VIOLATION OF</b>
<b>NEW YORK CITY ADMINISTRATIVE CODE § 8-107</b>

232.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members re-alleges Paragraphs 1
through 231 and incorporates them by reference as Paragraphs 1 through 231 of Count XIII of
this Complaint.

233.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges
that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any
individual in the terms, conditions, or privileges of employment because of their gender.

234.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges
that the law also makes it unlawful to create an atmosphere where retaliation is encouraged
and/or tolerated.

235.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges
that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS
BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY
CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS
M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and
JESSE ANN PIRRAGLIA engaged in various retaliatory actions against them for opposing
pregnancy discrimination and filing such complaints with its agents, the NYCDOE Office of
Equal Employment Opportunity and the EEOC.

236.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges
that as a direct and proximate result of the unlawful employment practices of Defendants' NEW

51

YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL

de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH;

LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT;

CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN

PIRRAGLIA, they suffered the indignity of pregnancy discrimination and great humiliation.

237.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members alleges

that Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS

M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and

JESSE ANN PIRRAGLIA'S violations caused them to experience severe engorgement, Mastitis,

emotional distress, postpartum depressions, cessation of their milk supply and other related

medical conditions, incur significant legal costs, damage to their personal and professional

reputation.

## JURY TRIAL

238.    Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members demands a trial by jury

of all issues in this action that are so triable

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members

pray that the Court enter an Order of Judgment in their favor and against Defendants' NEW

YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL

de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH;

LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT;

CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN
PIRRAGLIA, containing the following relief:

A.    An ORDER finding that the NYCDOE'S policies and practices violate Title VII
of the Civil Rights Act of 1964, New York State Executive Law § 296 and New York City
Administrative Code § 8-107, and enjoining Defendants' NEW YORK CITY DEPARTMENT
OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H.
HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I.
KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD
A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA and their agents from
further implementation and enforcement of their reasonable accommodation policies regarding
disabilities, pregnancy and expressing milk until such policies are re-written consistent with
prevailing law and final approval of the United States Department of Justice, United States Equal
Employment Opportunity Commission, New York State Division of Human Rights and the New
York City Commission on Human Rights;

B.    . An award of compensatory damages against Defendants' NEW YORK CITY
DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO;
MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE
CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN
FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA,
jointly or severally in an amount to be determined at trial, plus prejudgment interest, to
compensate Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members for all
monetary and/or economic damages, including, but not limited to, severe engorgement, Mastitis,
emotional distress, postpartum depressions, cessation of their milk supply and other related

medical conditions, legal costs, damage to their personal and professional reputation and other benefits of employment;

C.    An award of punitive damages against Defendants' NEW YORK CITY DEPARTMENT OF EDUCATION; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; JOEL I. KLEIN; CATHLEEN P. BLACK; DENNIS M. WALCOTT; CARMEN FARINA; RICHARD A. CARRANZA; NICHOLAS MELE and JESSE ANN PIRRAGLIA, jointly or severally in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members for all monetary and/or economic damages, including, but not limited to, severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, legal costs, damage to their personal and professional reputation and other benefits of employment;

D.    An award of costs that Plaintiff SHANNON O'LEARY and the other Rule 23 Class Members have incurred in this action, including, but not limited to, expert witness fees, 'reasonable' attorneys' fees and costs to the fullest extent permitted by law; and,

E.    Such other and further relief as the Court may deem just and proper.

Dated: April 25, 2020
New York, NY

Respectfully submitted,

By: _____.
Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)